# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Ramon Montague (#N-62212), ) | |
| ) | |
| Plaintiff, ) | Case No: 16 C 2609 |
| ) | |
| v. ) | |
| ) | Judge Rebecca R. Pallmeyer |
| Tarry Williams, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ramon Montague, a prisoner at Stateville Correctional Center, brought this *pro se* civil rights action under 42 U.S.C. § 1983 against multiple administrative and engineering employees of the Illinois Department of Corrections, alleging unconstitutional conditions of confinement. For the reasons set forth below, Defendants Williams and Lemke's amended motion to dismiss [25] is granted in part and denied in part. Plaintiff's response [28], docketed as a motion, is terminated.

## BACKGROUND

Plaintiff alleges in his complaint that Defendants failed to remedy unconstitutional conditions of his confinement at Stateville, including exposure to birds and bird feces, mice, mold, contaminated water, and lead paint. (Compl. [1] at 7-23.) Defendants have moved to dismiss [25], making three arguments: (1) Plaintiff's complaint should be dismissed in its entirety pursuant to *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) because Plaintiff failed to disclose his litigation history; (2) Plaintiff's claim regarding exposure to lead-based paint should be dismissed for failure to state a claim; and (3) Plaintiff's claim for injunctive relief must be dismissed because he is a member of the class certified in *Dobbey v. Weilding*, Case No. 13 C 1068 (N.D. Ill.) (Dow, J.) In response, Plaintiff filed a motion [28] asking that Defendants' motion to dismiss be denied.

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (*quoting Twombly*, 550 U.S. at 555). The court "construe[s] all well-pleaded facts and draw[s] all inferences in the light most favorable to the nonmoving party." *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

A plaintiff may plead himself out of court under Rule 12(b)(6) by alleging and thereby admitting the elements of an affirmative defense. *See U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003).

**DISCUSSION**

**I.** *Hoskins* **Does Not Require Dismissal of this Case.**

Defendants argue that Plaintiff's complaint should be dismissed pursuant to *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) because he failed to disclose his litigation history. Providing a complete record of past litigation is necessary to enable the court to determine whether a plaintiff has accumulated three dismissals under 28 U.S.C. § 1915(g), and whether a complaint asserts claims that are duplicative of or are related to claims stated in a prior suit.

At the time Plaintiff filed his complaint in this case, he had previously filed five cases in the Northern District of Illinois: *Montague v. Wexford Health Sources, Inc. et al.*, Case No. 11 C 5080 (N.D. Ill.) (Marovich, J.); *Montague v. Hardy*, Case No. 11 C 1552 (N.D. Ill.) (Gettleman, J.) (habeas); *Montague v. Detella*, Case No. 97 C 2872 (N.D. Ill.) (Gettleman, J.) (habeas); *Montague v. Detella*, Case No. 97 C 2033 (N.D. Ill.) (Gettleman, J.) (habeas); and *Bey v.*

*Morrison, et al.,* Case No. 92 C 7325 (N.D. Ill.) (Marovich, J.). Plaintiff had also filed a case in the Southern District of Illinois: *Montague v. Lane,* Case No. 3:88-cv-03270 (S.D. Ill.) (Cohn, J.) In his complaint in this court, Plaintiff disclosed only one of these suits: Case No. 11 C 5080, but he noted, on the page dedicated to litigation disclosure, that he was unable to retrieve other information and that it "should be a matter of the record." (Compl. at 5.)

The standard Section 1983 complaint form used by Plaintiff requires him to furnish a list of all lawsuits Plaintiff had filed in any state or federal court in the United States and warns that failure to provide complete information may result in dismissal of the complaint. (*Id.* at 4.) In *Hoskins*, 633 F.3d at 543-44, the Seventh Circuit upheld a district court's finding that a litigant's failure to fully disclose his litigation history, as expressly instructed on the complaint form, amounted to fraud and warranted immediate dismissal. This case differs, however. Plaintiff Montague did make an effort to disclose part of his litigation history, and all of the cases he failed to disclose (with one exception: Case No. 11 C 1552 (a habeas action)) are more than twenty years old. The age of these cases undermines any inference that Plaintiff's omission was intended as a fraud on the court. In any event, the purpose of the litigation history disclosure requirements are to track "strikes" assigned pursuant to 28 U.S.C. §1915(g) and to track duplicate claims brought in different cases. Because "strikes" are not issued as a sanction in federal habeas actions and it is extremely unlikely that a duplicate claim could have been brought in a case that is more than twenty years old, the court declines to invoke the discretionary sanction recognized in *Hoskins*.[1]

## II.     Plaintiff May Proceed on His Claim of Lead Paint Contamination.

Defendants' second argument is that Plaintiff's Count 4, regarding his exposure to toxic lead paint, should be dismissed. Plaintiff claims in his complaint that there is lead paint on the walls that is blistered and peeling due to water leaking through the walls. (Compl. at 21.) He

---

[1] In allowing this case to proceed, the court reminds Plaintiff that it is his responsibility to disclose his litigation history. Plaintiff is advised to maintain a copy of this order, which lists his previous litigation, as a reference for any future cases.

alleges, further, that the paint falls away from the walls, exposing him to toxic compounds including lead carbonate, lead chromate, barium sulfate, and cadmium. (*Id.* at 21-22.) These compounds cause cancer, Plaintiff alleges, as well as other conditions including an intestinal condition known as Painter's Colic. (*Id.* at 22.) Plaintiff alleges he has suffered from Painter's Colic and colon cancer as a result of his exposure to the toxic substances leaching from his cell walls. (*Id.*)

Defendants cite to several district court opinions dismissing claims of exposure to lead. *See Mejia v. McCann,* No. 08 C 4534, 2010 WL 5149273 at **8-9 (N.D. Ill. Dec. 10, 2010) (Conlon, J.); *see also, e.g., Thomas v. Cox*, No. 10-CV-997-GPM, 2011 WL 3205660, at *4 (S.D. Ill. July 27, 2011) (Murphy, J.) ("Plaintiff's allegations of possible exposure to lead paint. . . do not come close to describing the kind of objectively serious conditions that have been found to state a constitutional claim for cruel and unusual punishment."); *Sanchez v. McCann*, No. 09 C 2289, 2010 WL 1408917 at *3 (N.D. Ill. Apr. 2, 2010) (Conlon, J.) (granting motion to dismiss lead-based paint claims); *Walker v. Dart*, No. 09 C 1752, 2010 WL 669448 at *3 (N.D. Ill. Feb.19, 2010) (Andersen, J.) (same); *Foster v. Cooper*, No. 92 C 6159, 1994 WL 110180 at *9 (N.D. Ill. Mar. 28, 1994) (Marovich, J.) (same); *cf. Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001) (holding that lead that accumulates in the water overnight from lead pipes, which can be eliminated by running the water for a few minutes, is not a constitutional violation). As the Seventh Circuit has explained, "failing to provide a maximally safe environment, one completely free from pollution or safety hazards, is not [a constitutional violation]." *Carroll*, 255 F.3d at 472.

Defendants believe this authority dictates dismissal of Plaintiff Montague's complaint, but this court is less certain. *Mejia* was decided at the summary judgment stage of litigation, not on a challenge to the pleadings. *Mejia*, 2010 WL 5149273, at *1. *Carroll,* too, was decided at the summary judgment stage and on a more fully developed record. *Carroll*, 255 F.3d at 471; *see also White v. Monohan*, 326 F. App'x 385, 387 (7th Cir. 2009) (distinguishing *Carroll* on this

4

basis and reversing dismissal of Eighth Amendment claim for contaminated water). Moreover, the only injury asserted in *Carroll* was "possible" bladder cancer as opposed to the concrete injuries—Painter's Colic and colon cancer—Plaintiff claims to have sustained here. *Carroll v. DeTella*, No. 99 C 2443, 2000 WL 20711, at *6 (N.D. Ill. Jan. 10, 2000); *see also Truidalle v.Taylor*, No. 11 C 1170, 2011 WL 6780690, at *4 (N.D. Ill. Dec. 23, 2011) (distinguishing *Carroll* on grounds that it merely "involved fear of heightened cancer risk"). *Carroll*, therefore, "does not necessarily preclude the instant case" at this juncture. *Truidalle*, 2011 WL 6780690, at *4. Plaintiff here has not offered specifics about how the exposure caused harm, and may ultimately be unable to offer proof of causation. He has, however, adequately alleged that toxic paint components leaching from his cell walls resulted in medical problems. The motion to dismiss this claim is denied.

### III. Plaintiff's Claim for Injunctive Relief is Dismissed.

Defendants' final argument is that because Plaintiff is a member of the class certified in *Dobbey v. Weilding*, Case No. 13 C 1068 (N.D. Ill.) (Dow, J.) , his claim for injunctive relief must be dismissed in this case, The class in *Dobbey* was certified for injunctive relief only. (*See* Amended Order Granting Class Certification, Feb. 11, 2014, ([41] in No. 13 C 1068, at 6) ("The lawsuit asks that the Court order these conditions be fixed. It does not ask for money damages to be awarded to the Plaintiff Class."); *see also* Class Notice, Jan. 1, 2015, [99] in No. 13 C 1068 (the Class Notice explains: "The Dobbey case does not seek money damages. It is only seeking a court order requiring Stateville to improve its living conditions.").) The *Dobbey* class was certified under FED. R. CIV. P. 23(b)(1) & (2), which allows for declaratory and injunctive relief. (Order, Jan. 14, 2015, [102] in No. 13 C 1068 (order denying inmates' motions to opt out to pursue their own lawsuits).)

In the instant case, Plaintiff seeks both monetary relief and injunctive relief. ([1], at 27.) His request for injunctive relief is asserted in the *Dobbey* class action, of which he is a member and from which he cannot opt out. He may, however, continue with his claims for monetary

5

relief. *Jefferson v. Ingersoll Intern. Inc.*, 195 F.3d 894, 897 (7th Cir. 1999) ("Money damages . . . are neither injunctive nor declaratory, and they do not affect a class as a whole.").

## CONCLUSION

Defendants' motion to dismiss [25] is granted with respect to Plaintiff's claim for injunctive relief and otherwise denied. Plaintiff's response [28] was docketed as a motion and is terminated as moot. Defendants are directed to file an answer within 28 days. A status hearing is set by telephone for Tuesday, July 25, 2017, at 8:30 a.m., the call to be initiated by defense counsel from his office.

ENTER:

Date: May 30, 2017

_____
REBECCA R. PALLMEYER
United States District Judge